# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) 2:12-cr-00031/00069 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| MICHQUEL CURINGTON | ) |

## MEMORANDUM ORDER

**Mark R. Hornak, United States District Judge**

By Motion, the Defendant asks this Court to strike from the terms of the plea agreement presented to the Court at the time of his change of plea hearing the provision by which he and the United States have agreed that the Defendant waives his right to file a petition pursuant to 28 U.S.C. § 2255 to vacate his conviction or sentence. ECF No. 103 at 2. The Defendant specifically advises the Court that he does not seek to withdraw his plea of guilty, nor does he urge the Court to reject the plea agreement he has with the United States, as the Court may do pursuant to Fed. R. Crim. P. 11. ECF No. 115.

The Defendant seeks to "strike" this § 2255 waiver on the basis that a recent Formal Opinion of the Pennsylvania Bar Association's Legal Ethics and Professional Responsibility Committee, Opinion No. 2014-100 ("Opinion"), concluded that such a waiver is impermissible, essentially on the grounds that allowing such a waiver in a plea agreement sets up an irreconcilable conflict between the Defendant and his counsel. This is because a § 2255 proceeding is the avenue on which claims for ineffective assistance of counsel reside.

The United States opposes the Defendant's Motion on many grounds. It says that (1) the referenced Opinion is advisory at best to this Court, (2) federal law trumps the authority of a

state bar organization to regulate the conduct of federal prosecutors (even where the Local Rules of the federal court rely on such state law/rule provisions) in situations involving plea agreements otherwise permitted by Fed. R. Crim. P. 11[1], (3) the Opinion is not a definitive ruling on a question of state legal ethics law, is not even binding on Pennsylvania state courts or its Disciplinary Board, and is substantively incorrect, (4) if this issue is evaluated through the lens of whether a client may prospectively waive a claim against his lawyer for malpractice, the waiver factually and legally does not work that result, (5) our Court of Appeals has generally approved such waivers when confronting a facial challenge to them, (6) the Defendant is getting the benefit of a good bargain with the plea agreement, (7) the process by which the Opinion was issued is obscure and in many ways a mystery, to the degree that the United States has asked the Committee that issued the Opinion to reconsider it, (8) such §2255 waivers are sound and appropriate because they prevent later litigation in what would otherwise be a closed criminal case, saving the United States specifically and the administration of justice generally, a lot of

---

[1] This argument appears to go as follows: federal prosecutors are federal lawyers subject to the Local Rules of a federal court; by statute, they are bound by the same rules as all other lawyers practicing in federal court, 28 U.S.C. §530B; the Attorney General has issued a regulation that says that §530B should not be construed as altering federal substantive, procedural or evidentiary law, 28 C.F.R. §77.1(b); the Attorney General had the power to issue that regulation; and Fed. R. Crim. P. 11 authorizes plea agreements. Therefore, a "local" or state ethics rule or decision could not affect the conduct of the federal prosecutors in this regard.

This does not seem to address whether maintaining the §2255 waiver in this case is consistent with applicable professional obligations. Further, it would seem to the Court that the fact that plea agreements are permitted by Rule does not thereby cloak all lawyer conduct related to them with immunity from the application of the Court's Local Rules, or the Rules of Professional Conduct. For the reasons noted below, the Court need not resolve either issue.

resources, monetary and otherwise, (9) most such petitions are frivolous,[2] and (10) that such waivers bring finality to the plea/sentencing process.[3]

The Court will deny the Motion without prejudice. The Defendant has not pointed out, and the Court has not located, any authority, be it by statute, rule or caselaw, for the proposition that the Court is empowered to in essence "edit out" what he says is an impermissible plea agreement term.[4] Further, pursuant to Fed. R. Crim. P. 11, the Court may, of course, accept or reject the plea agreement *in toto,* but it is strictly forbidden by that same rule from engaging at all in the plea negotiation process. Fed. R. Crim. P. 11(c)(1). Given that, no matter what the Court might conclude on the merits (and it reaches no conclusion in those regards), it is unaware of

---

[2] The United States posits that the "vast majority" of §2255 petitions are frivolous, that many are filed by defendants who have "a lot of time on their hands" and that they are "routinely" unintelligible. ECF No. 114 at 9. The Court has not been provided with statistical data on the success rate of such petitions, nor any analysis as to what extent those that were unsuccessful were simply unsuccessful, or were also found to be legally or factually baseless, or "frivolous".

The Court declines the invitation of the United States to conclude that the availability of relief pursuant to §2255 for violations of rights secured by the Constitution has such a serious detrimental impact on the administration of justice that they are to be disfavored by definition. *See* ECF No. 114 at 10. Any one such petition may demonstrate a Constitutional infirmity requiring relief, and it is not unheard of that meritorious petitions come to the federal courts (including the Supreme Court) in an informal "pencil and paper" format. *Gideon v. Wainwright,* 372 U.S. 335, 338 (1963) (handwritten petition for leave to proceed *in forma pauperis* and for a writ of certiorari to the Supreme Court of Florida); *see Holt v. Hobbs, cert. granted,* No. 13-6827, (U.S. Sup. Ct., March 3, 2014) (handwritten petition for leave to proceed *in forma pauperis* and for a writ of certiorari to the United States Court of Appeals for the Eighth Circuit); *see also,* Hon. Robert F. Kennedy, Speech Before The New England Conference on the Defense of Indigent Persons Accused of Crime (November 1, 1963)(describing Mr. Gideon's petition as "crude" and prepared with "pencil and paper"), *as quoted* at www.justice.gov/atj/gideon.

The United States also argues that the cost to the administration of justice of §2255 waivers is "exceedingly low", and that the savings from them are "enormous". ECF No. 114 at 9. As demonstrated by the above-cited cases, at least some of the time, there is another side to that coin. The Court believes that it would be improvident to factor into the disposition of this Motion the United States' anecdotal and generalized assessments of the impact on the work of the federal courts of the availability of collateral review of federal convictions and sentences via §2255.

[3] The Court finds the argument of the United States on the preeminence of finality a bit overstated, since the United States has reserved its authority to appeal from any Order of this Court, including an appeal from the sentence imposed by the Court. Thus, the concept of finality, while an important one in our judicial system, is not quite as ironclad in this case as the United States would suggest.

[4] Nor does the Defendant contend that the §2255 waiver here renders the plea agreement unlawful or otherwise invalid, requiring its rejection by this Court.

3

what authority it would possess to consider the Defendant's request for what is really "editorial" involvement in a case in which the Defendant has reaffirmed that he stands by his guilty plea, and asks that the Court not reject the plea agreement.

The Court was caught a bit off guard by the vigor and breadth of the somewhat categorical opposition of the United States to the relief sought in the Motion, given that the Department of Justice for this District no longer seeks the inclusion of such waivers in plea agreements. Presumably, it had sound reasons for making that noteworthy policy change. The Court is also aware that in several cases in which a plea agreement was negotiated prior to that policy change, but the guilty plea was entered thereafter, the United States has deleted the §2255 waiver from then-agreed-to plea agreements prior to the change of plea proceeding.

Given this state of affairs, the Defendant's actual issue may be one more directed to the policies of the Department of Justice, inherently applied in its opposition to this Motion, as to where in the process, pre-entry of final judgment, the United States is drawing the line on the elimination of §2255 waivers. That is, at what point prior to the entry of a final judgment via sentencing will the United States consider vitiating any such §2255 waiver previously agreed to? If that is the case, it seems to be more of a policy question to be addressed with the Department of Justice and its officers.

The Motion is denied, without prejudice to the Defendant reasserting it prior to or at sentencing[5], if there is specific rule, statutory or caselaw authority for the Court to consider it.

*[signature]*

Mark R. Hornak
United States District Judge

Dated: July 15, 2014

cc: All counsel of record

---

[5] The Court has deferred the acceptance of the plea agreement pending its examination of the Presentence Report and Addendum, as permitted by Fed. R. Crim. P. 11. Ordinarily, the Court states its intentions in such regards in its Tentative Findings regarding sentencing factors, filed about one week prior to sentencing, and then formally renders its decision during the sentencing hearing.